## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
Case No. 3:20-cv-00392-FDW-DSC

JOHN ROBERTS, JR. on behalf of himself and )
all others similarly situated, )
            )
   Plaintiff, )
            )
v.             )
            )
COX COMMUNICATIONS, INC., a Delaware )
Corporation; QUALITY TECHNOLOGIES, )
INC., a North Carolina corporation; INFINITE )
COMMUNICATIONS, INC. a Florida )
corporation; and DONOVAN MARTIN, )
Individually; THOMAS MCCOLLUM, a/k/a )
TOMMY MCCOLLUM, an individual, )
            )
   Defendants. )

**DEFENDANT COX
COMMUNICATIONS, INC.'S
MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(2)
AND 12(b)(6)**

   Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure because this Court lacks personal jurisdiction over Defendant Cox Communications, Inc. ("Cox"). More specifically, both general and specific personal jurisdiction are lacking. Cox lacks general personal jurisdiction in this Court because it is neither incorporated nor principally located in the state of North Carolina. Specific personal jurisdiction is lacking because Plaintiff's allegations do not arise out of, or relate to, any conduct in the state of North Carolina. Given the wholesale lack of grounds for the exercise of personal jurisdiction, the Court must dismiss the Complaint against Cox.

   Even assuming *arguendo* that the Complaint could somehow survive the jurisdictional deficiencies, which it cannot, the Complaint must still be dismissed as to Cox because he fails to allege sufficient facts to state a claim upon which relief can be granted pursuant to Federal Rule

12(b)(6). It is a well-settled issue that Cox is not an employer of installation technicians like Plaintiff. In fact, this is at least the fifth time in the last eight years that installation technicians have tried to assert FLSA overtime claims against Cox. ***Every single time, the federal courts have held that Cox is not an employer as a matter of law.*** Furthermore, in the last ten years, five additional federal courts—the Eastern District of Missouri, the Northern District of Illinois, the Eastern District of New York, the District of Maryland, and the Southern District of New York[1]—have also found that other cable companies are not employers of installation technicians for the same reasons that Cox is not an employer.

Accordingly, Plaintiff's claims are doomed to fail, first based on a total lack of personal jurisdiction, and second, based on a complete failure to state a claim. Prolonging Cox's involvement in this litigation would be a waste of the Court's and the parties' time, energy, and resources. Therefore, Cox respectfully requests that this Court dismiss the overtime claims against Cox with prejudice.

## I.  ALLEGATIONS IN THE COMPLAINT AND UNDISPUTED FACTS REGARDING PERSONAL AND SUBJECT MATTER JURISDICTION.

Cox Communications, Inc. is a cable television and internet service provider that contracts with vendors in certain states to provide installation services to Cox's customers. Lee Dec. ¶ 3. Cox Communications, Inc. is incorporated in the state of Delaware and its principal place of business is in the state of Georgia. Lee Dec. ¶ 4. Cox Communications, Inc. is not registered to do business in the state of North Carolina, and was not registered to do business in the state of

---

[1] *See Thornton v. Charter Commc'ns., LLC*, Civ. Act. No. 4:12-CV-479-SNLJ, 2014 WL 4794320 (E.D. Mo. Sept. 25, 2014); *Zampos v. W & E Commc'ns., Inc.*, 970 F. Supp. 2d 794, 806 (N.D. Ill. 2013); *Jean-Louis v. Metro. Cable Commc'ns., Inc.*, 838 F. Supp. 2d 111, 136-38 (S.D.N.Y. 2011); *Lawrence v. Adderley Indus., Inc.*, Civ. Act. No. 09-CV-2309-SJF-ETB, 2011 WL 666304, at *34 (E.D.N.Y. Feb. 11, 2011); *Jacobson v. Comcast Corp.*, 740 F. Supp. 2d 683, 685-86, 693-94 (D. Md. 2010); *Smilie v. Comcast Corp.*, Civ. Act. No. 07-CV-3231, 2009 WL 9139890, at *12 (N.D. Ill. Feb. 25, 2009).

North Carolina in 2019. Lee Dec. ¶ 5. Cox Communications, Inc. does not maintain any offices or training facilities in North Carolina and did not maintain any offices or training facilities in North Carolina in 2019. Lee Dec. ¶ 6. Cox Communications, Inc. does not own any real property in North Carolina and did not own any real property in North Carolina in 2019. Lee Dec. ¶ 7.

Cox Communications, Inc. did not enter into any contract or agreement with any cable installation company to provide work in the state of North Carolina in 2019. Lee Dec. ¶ 8. Infinite Communications, Inc. ("Infinite") did not perform any work pursuant to a contract or agreement with Cox Communications, Inc. in 2019. Lee Dec. ¶ 9; McCollum Dec. ¶ 8. Cox Communications, Inc. did not enter into any contract or agreement with Quality Technologies, Inc. ("Quality) to provide work in the state of North Carolina in 2019 or 2020. Lee Dec. ¶ 11. There is no contractual agreement or other agreement for services that exists between Cox and Quality, Cox and Plaintiff, or Plaintiff and Infinite. Lee Dec. ¶¶ 11, 13; McCollum Dec. ¶¶ 16, 21.

On July 17, 2020, Plaintiff filed the instant Complaint against Quality and its owner, Infinite and its owner, and Cox, alleging violations of the FLSA and the NCWHA. Compl. at ¶ 102. However, the Complaint does not allege that any work was performed in the state of North Carolina. Instead the Complaint appears to allege that the work performed by Plaintiff was performed in the state of Virginia. Compl. at ¶ 102. To the extent Plaintiff alleges any specific contact with Cox, those contacts allegedly took place outside the state of North Carolina. *See* Compl. at ¶¶ 33, 37.

Furthermore, Plaintiff's Complaint is devoid of any cognizable allegations against Cox Communications, Inc. presumably because ***Plaintiff had no substantive interactions with Cox whatsoever***. In an effort to evade this shortcoming, Plaintiff conveniently defines the term "Defendants" by lumping together Quality, Infinite a*nd* Cox, and then repeatedly ascribes

3

Plaintiff's interactions to the "Defendants", generically. *See, e.g.,* Compl. ¶¶ 14, 77-107. The Complaint also does not allege any specific facts to support a relationship between Cox and Quality, let alone any direct interactions that would support an employment relationship between Plaintiff and Cox.

## II. THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER COX.

A plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence. *Universal Leather, LLC v. Koro AR, S.A.,* 773 F.3d 553, 558 (4th Cir. 2014); *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.,* 334 F.3d 390, 396 (4th Cir. 2003). In North Carolina, a plaintiff must show that a nonresident defendant has "such minimal contacts" with North Carolina that exercising jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Christian Science Board of Directors of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001) *quoting Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Personal jurisdiction over a defendant may be either general or specific. *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S. Ct. 2846, 2851 (2011). In the case at bar, neither general nor specific jurisdiction over Cox exist, and thus the exercise of personal jurisdiction over Cox is unwarranted.

### A. General Personal Jurisdiction is Lacking.

Cox does not possess even the "minimal contacts" with North Carolina that would be required for the Court to exercise general personal jurisdiction over Cox. General personal jurisdiction over a corporation is usually only appropriate in the corporation's state of incorporation or principal place of business. *Daimler AG v. Bauman,* 134 S. Ct. 746, 753 (2014). Here, Cox Communications, Inc. is neither incorporated nor principally located in North Carolina

– rather, it is incorporated in Delaware, and headquartered in Atlanta, Georgia. Lee Dec. ¶ 4. Furthermore, Cox Communications, Inc. is not registered to do business in the state of North Carolina, and likewise was not registered to do business in the state of North Carolina in 2019. Lee Dec. ¶ 5. Even if it were, however, mere registration is insufficient grounds for the Court to exercise general personal jurisdiction over a corporate defendant. *Rosenruist-Gestao E Servicos LDA v. Virgin Enters. Ltd.*, 511 F.3d 437, 446 (4th Cir. 2007). Accordingly, the Court lacks general personal jurisdiction over Cox.

**B. Specific Personal Jurisdiction is Lacking.**

Specific personal jurisdiction requires "that the relevant conduct have such a connection with the forum state that it is fair for the defendant to defend itself in that state." *CFA Inst. V. Inst. Of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 n. 15 (4th Cir. 2009). A court may exercise specific jurisdiction when the cause of action "arises out of defendant's contacts with the forum." S*audi v. Northrop Grumman Corp.,* 427 F.3d 271, 276 (4th Cir. 2005). Extension of specific jurisdiction in the Fourth Circuit requires three factors be satisfied: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims arise out of those activities; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable." *Tire Eng'g & Distribution, LLC v. Shangdong Linglong Rubber Co.,* 682 F.3d 292, 301-02 (4th Cir. 2012) (per curiam). None of these factors are present here.

With regard to the first factor, the Complaint contains absolutely no evidence that Cox Communications, Inc. purposefully availed itself of the right or privilege to conduct business activities in the state of North Carolina. The inquiry into "purposeful availment" requires an

evaluation of "whether the defendant maintains offices or agents in the forum state; whether the defendant owns property in the forum state; whether the defendant reached into the forum state to solicit or initiate business; whether the defendant deliberately engaged in significant or long-term business activities in the forum state; whether the parties contractually agreed that the law of the forum state would govern disputes; whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship; the nature, quality, and extent of the parties' communications about the business being transacted; and whether the performance of contractual duties was to occur within the forum." *Consulting Eng'rs Corp. v. Geometric Ltd.,* 561 F.3d 273, 278-79 (4th Cir. 2009).

None of these examples of "purposeful availment" are present here. Cox Communications, Inc. does not maintain offices in North Carolina and did not maintain offices in North Carolina in 2019. Lee Dec. ¶ 6. Cox Communications, Inc. does not own property in North Carolina and did not own any real property in North Carolina in 2019. Lee Dec. ¶ 7. There is no contractual agreement whatsoever that exists between Cox Communications, Inc. and Plaintiff, let alone one that requires or compels that the laws of North Carolina govern disputes between Cox Communications, Inc and Plaintiff. Lee Dec. ¶ 13. Nor is there any allegation in the Complaint that Plaintiff had any contact with any Cox Communications, Inc. representative - or more particularly, any allegation that Plaintiff had contact with any Cox Communications, Inc. representative regarding any "business relationship" between Plaintiff and Cox - in North Carolina, or concerning work to be performed in North Carolina. Indeed, Cox Communications, Inc. had no contract with any cable installation company in 2019 for services in North Carolina. Lee Dec.

¶ 8.    Thus, the first factor of the Fourth Circuit's test for the exercise of specific personal jurisdiction is not met.

Second, for the Court to exercise specific personal jurisdiction, the plaintiff's claims must arise out of the defendant's activities in the state.  *Tire Eng'g & Distribution, LLC v. Shangdong Linglong Rubber Co.,* 682 F.3d 292, 301-02 (4th Cir. 2012) (per curiam).  There is no indication in the present case that Plaintiff's claims arise from any activity on the part of Cox in the state of North Carolina.  The Complaint does not allege Plaintiff performed any work in North Carolina. *See* Compl. ¶ 102.  Indeed, to the extent the Complaint even references Cox, it references Cox in connection with activities that occurred outside the state of North Carolina, such as Plaintiff allegedly obtaining a badge from Cox in Virginia, and allegedly obtaining training at a Cox facility, none of which are located are located in North Carolina.  Compl. ¶ 33, 37; Lee Dec. ¶ 6. Therefore, given that none of the conduct alleged in the Complaint takes place in North Carolina, it is impossible for this Court to conclude that the conduct has "such a connection" with North Carolina, or "arose" out of North Carolina, so as to instill the Court with specific personal jurisdiction over the dispute, and to render it fair for Cox to be forced to defend itself in North Carolina.  Thus, the second factor of the Fourth Circuit's test is not met.

Finally, the Court must determine whether exercise of specific personal jurisdiction "is constitutionally reasonable."  *Tire Eng'g & Distribution, LLC,* 682 F.3d at 301-02 (4th Cir. 2012). Given the utter lack of connection between Cox and the state of North Carolina, there are no grounds which exist or factual allegations pled that would lead to a determination that the Court's exercise of personal jurisdiction could be considered "constitutionally reasonable".

## C.   Conclusion.

The requirements set by the Fourth Circuit governing the courts' exercise of personal jurisdiction are intended to prevent a defendant from being "haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 485-86 (1985). If this Court were to exercise personal jurisdiction in this case, this protection would be lost. Plaintiff and his counsel cannot drag Cox – who should never have been named in this litigation in the first place – into a courtroom in North Carolina, where ***Cox Communications, Inc. is not even registered and has no significant ties***, and in relation to a case ***where the allegations contained in the Complaint do not even arise in the state of North Carolina***. For these reasons, the Complaint must be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure, given the Court's lack of personal jurisdiction over Cox Communications, Inc. To proceed otherwise offends "traditional notions of fair play and substantial justice" in violation of longstanding, black letter law regarding the Court's exercise of personal jurisdiction.

## III.   ALTERNATIVELY, PLAINTIFF FAILS TO STATE A CLAIM AGAINST COX UNDER THE FLSA AND NCWHA, REQUIRING DISMISSAL.

The Complaint should be dismissed against Cox due to the utter lack of personal jurisdiction, and the Court's inquiry should end there. However, dismissal of the Complaint against Cox is warranted for the additional reason that Plaintiff does not plead any allegations to support his FLSA and NCWHA claims against Cox, specifically, as required by Federal Rule 12(b)(6). To survive a motion to dismiss, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court is required to treat the specific factual allegations in Plaintiff's complaint as true, the court is **not** bound to accept conclusions or labels. *Bell Atlantic Corporation*

8

*v. Twombly*, 550 U.S. 544, 555 (2007).  Furthermore, under the pleading requirements outlined by the U.S. Supreme Court in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  The Complaint at bar falls well short of the standard set by the courts and Federal Rule 12(b)(6).

      A.   **Plaintiff Fails to Plead Facts to Support His Allegation That Cox is His Employer and Instead Conflates Cox with Quality and / or Infinite.**

Courts do not permit artful pleading, standing alone, to survive the requirement of Federal Rule 12(b)(6).  "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  *Ridge at Red Hawk, LLC v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  Thus, before being permitted to put Cox through the burden and expense of discovery—especially in a putative collective action—Plaintiff must at least allege some facts plausibly suggesting that he was employed by Cox, specifically.  Plaintiff here has not done so, and instead relies heavily on mere labels and legal conclusions of the type that the Supreme Court has specifically found are insufficient to state a claim for relief, to pull Cox into this action.

In order to state a plausible claim under the FLSA, a plaintiff must allege facts about the employment relationship with <u>each</u> defendant.  It is not sufficient to simply combine multiple entities together and call them all an "employer."  *See Cavallaro v. UMass Mem'l Healthcare, Inc.*, 678 F.3d 1 (1st Cir. 2012) (holding that "some direct employer needs to be identified before

9

anyone in the group could be liable on the theory that some or all were responsible."). [2] Here, Plaintiff pleads no facts alleging that Cox, specifically, actually hired, fired, or directly employed him. In fact, the Complaint actually makes clear that Quality, ***and Quality alone. See*** Compl. ¶¶ 26 (Plaintiff received a contract from Quality); 30 (Quality and Infinite allegedly recruited Plaintiff); 45, 50-53 (Plaintiff would contact Quality concerning matters of compensation, and a Manager employed by Quality and Defendant Martin concerning his work).

In an improper effort to join Cox, Plaintiff resorts to repeatedly combining Cox, Infinite, and Quality together as "Defendants" throughout the Complaint, and alleges that "Defendants" employed Plaintiff and set certain terms and conditions of his work. *See, e.g.*, Compl. ¶¶ 14, 73, 84, 86-87. Each of these "conglomerate" allegations must be viewed through the prism of Plaintiff's other allegations, which serve to admit that Plaintiff's true employer was Quality. Thus, in light of the Complaint's admissions, it is clear that when Plaintiff alleges that "Defendants" took a certain action with regard to Plaintiff, he means that ***Quality*** did, and Plaintiff is simply adding Cox as another defendant without any independent support whatsoever of Cox's alleged involvement. [3]

Therefore, the attempt at artful pleading by Plaintiff cannot serve to transform the nonexistent relationship between Plaintiff and Cox into one of employment. Plaintiff has wholly

---

[2]     *See also Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013); *Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121, 1129 (N.D. Ill. 2017); *Hamilton v. Partners Healthcare Sys.*, 209 F. Supp. 3d 379, 393 (D. Mass. 2016); *Acosta v. Peregrino*, No. 3:17-cv-01381, 2018 U.S. Dist. LEXIS 74376, at *6 (M.D. Tenn. May 2, 2018).

[3]     The handful of allegations contained in the Complaint that are aimed specifically at Cox are wholly insufficient to establish a plausible claim that Plaintiff was employed by Cox. For example, the allegations that Cox had preferred hours of operation (Compl. ¶¶ 29, 116) or that Plaintiff's work badge was allegedly issued by and property of Cox (Compl. ¶¶ 32, 33, 39), nor the allegations that Plaintiff was required to identify himself as a Cox subcontractor (Compl. ¶¶ 34, 35) establish any control on the part of Cox over Plaintiff's employment. Finally, the fact that Cox promulgates an app which permits Cox subcontractors to manage the workers with whom those subcontractors have contracted (Compl. ¶ 36) does not render Cox an employer.

10

failed to plead a plausible claim against Cox, and the requirement of a plausible claim is all the more important where (as here) there is a putative class or collective action involved.  The Court must apply the foregoing pleading standards here to dismiss the Complaint and prevent Plaintiff from launching an expensive and burdensome investigation in a futile attempt to drag Cox into an employment dispute that—as courts have repeatedly found—simply does not involve it.

    **B.**    <u>**Plaintiff Has Failed to Sufficiently Plead That Cox is a Joint Employer.**</u>

Plaintiff's alternative theory that he was "jointly" employed by Quality, Infinite, and Cox must also fail, as it too relies entirely upon mere labels and conclusions, devoid of any factual allegations.  In addition, Cox is simply not—as a matter of law—a "joint employer" of installation technicians.  Indeed, Cox has repeatedly litigated against this very issue in recent years, and the courts have all rejected the very same arguments Plaintiff attempts to make here.

    **1.**    **The Complaint Fails as a Matter of Fact**

First, the Complaint's conclusory allegations of joint employment are insufficient under controlling Supreme Court precedent.  A complaint's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  As this Court has explained, a plaintiff must do more than simply state a legal conclusion—he must plead actual facts that would support such a conclusion. *Longo v. Aspinwall*, 2019 WL 3226431 (W.D.N.C., July 17, 2019).  The Complaint in the instant case contains only conclusory assertions that Plaintiff was "jointly employed" by Quality, Infinite, and Cox, or that the Defendants were "joint employers. *See* Compl. ¶¶ 2, 22, 58-64, 117. Plaintiff pleads absolutely no specific facts beyond legal conclusions.   This is insufficient.

Second, the Complaint fails wholesale to allege claims that would meet the Fourth Circuit's

test for joint employment. Courts in the Fourth Circuit evaluate claims of a joint employer relationship pursuant to "whether two or more persons or entities are 'not completely disassociated' with respect to a worker such that the persons or entities share, agree to allocate responsibility for, or otherwise codetermine [...] the essential terms of the worker's employment." *Salinas v. Commercial Interiors, Inc.*, 848 F.3d 125, 140 (4th Cir. 2017). In determining whether a defendant is a joint employer under the FLSA, courts consider:

> (1) Whether, formally or as a matter of practice, the putative joint employers jointly determine, share, or allocate the ability to direct, control, or supervise the worker, whether by direct or indirect means;
> (2) Whether, formally or as a matter of practice, the putative joint employers jointly determine, share, or allocate the power to – directly or indirectly – hire or fire the worker or modify the terms and conditions of the worker's employment;
> (3) The degree of permanency and duration of the relationship between the putative joint employers;
> (4) Whether through shared managed or a direct or indirect ownership interest, one putative joint employer controls, is controlled by, or is under common control with the other putative joint employer;
> (5) Whether work is performed on a premises owned or controlled by one or more of the putative joint employers, independently or in connection with one another; and
> (6) Whether, formally or as a matter of practice, the putative joint employers jointly determine, share, or allocate responsibility over functions ordinarily carried out by an employer, such as handling payroll; providing worker's compensation insurance, paying payroll taxes; or providing the facilities, equipment, tools, or materials necessary to complete the work.

*Id.* at 140-143. When this joint employment test is applied to Cox and to the Plaintiff, it becomes readily apparent that Plaintiff has not alleged sufficient facts to state a plausible claim with regard to Cox. Plaintiff has not alleged or identified a single person employed by Cox that hired him or had the authority to terminate his employment or contractual relationship. Plaintiff

has not sufficiently alleged that Cox or any employee of Cox supervised him or otherwise controlled his work schedules or conditions. Plaintiff has not alleged that Cox paid his wages, nor has Plaintiff alleged that Cox maintains employment records for him. In short, Plaintiff has not pled any facts connecting himself in any meaningful way to Cox, nor Cox to the other Defendants, under the Fourth Circuit's joint employer test.

### 2. The Complaint Fails as a Matter of Law

Finally, numerous courts have found that Cox is not a joint employer of cable installation technicians (like Plaintiff) *as a matter of law*. In 2018, the District of Rhode Island rejected a joint employer argument against Cox. *Sigui v. M&M Commc'ns., Inc.*, 310 F. Supp. 3d 313, 332 (D. R.I. 2018). In 2017, the Eastern District of Louisiana held in two separate cases that Cox was not an employer under the FLSA for cable installation technicians. *Crosby v. Cox Commc'ns., Inc.*, No. 16-6700:1, 2017 U.S. Dist. LEXIS 65951, at *24 (E.D. La. May 1, 2017); *Gremillion v. Cox Commc'ns.*, No. 16-9849, 2017 U.S. Dist. LEXIS 50941, 2017 WL 1321318 at *23 (E.D. La. April 3, 2017). In 2012, the District of Nevada found that Cox was not a joint employer of cable installation technicians who provided cable installation services to Cox customers. *Valdez v. Cox Commc'ns. Las Vegas, Inc.*, Civ. Act. No. 2:09-CV-01797-PMP-RJJ, 2012 WL 1203726, at *16-17 (D. Nev. Apr. 11, 2012). In each of these cases, plaintiffs were cable installation technicians who performed services for a cable installation company that had a contract with Cox to provide installation and maintenance services to Cox's customers.[4] In every one of these cases, the court

---

[4] *Sigui* at 320; *Crosby*, 2017 U.S. Dist. LEXIS 65951, at *3; *Gremillion*, 2017 U.S. Dist. LEXIS 50941, at *3; *Valdez v. Cox Commc'ns. Las Vegas, Inc.*, Civ. Act. No. 2:09-CV-01797-PMP-RJJ, 2012 WL 1203726, at *16-17 (D. Nev. Apr. 11, 2012).

granted summary judgment to Cox and held that Cox was not the plaintiffs' joint employer under the FLSA.[5]

Because courts have repeatedly found that Cox is not a joint employer as a matter of law on the same facts at issue here, Plaintiff cannot successfully argue that Cox is his employer. This is especially so in the instant case, where Cox is ***one step further removed from the employment relationship of the Plaintiff***, ***as Cox had no contractual relationship whatsoever with Quality***. Given that courts have rejected joint employer arguments against Cox at least four times in the past eight years on the exact same facts and circumstances present here (i.e., Cox and its relationship (or more correctly, lack of relationship) to independent contractor cable installation technicians), Plaintiff's claims must fail. Accordingly, the claims against Cox must be dismissed—with prejudice—because Cox is not, as a matter of law, Plaintiff's employer.

## IV. <u>CONCLUSION</u>

There is particularly strong evidence that this Court lacks personal jurisdiction over Cox, and thus, for all the reasons set forth above, the Complaint must be dismissed as to Cox pursuant to Federal Rule 12(b)(2). And, even if personal jurisdiction were not entirely lacking, Plaintiff has not pled sufficient facts to plausibly state a claim against Cox, and the Complaint should be dismissed for this additional reason under Federal Rule 12(b)(6).

---

[5]       *Sigui* at 332; *Crosby*, 2017 U.S. Dist. LEXIS 65951, at *24; *Gremillion*, 2017 U.S. Dist. LEXIS 50941, at *23; *Valdez v. Cox Commc'ns. Las Vegas, Inc*., Civ. Act. No. 2:09-CV-01797-PMP-RJJ, 2012 WL 1203726, at *16-17 (D. Nev. Apr. 11, 2012).

Respectfully submitted,

COX COMMUNICATIONS, INC.

By */s/ Frederick T. Smith*
        Frederick T. Smith
        North Carolina Bar No. 45229
        SEYFARTH SHAW LLP
        121 West Trade Street, Suite 2020
        Charlotte, North Carolina 28202
        Telephone: (704) 925-6023
        Facsimile:  (704) 559-2425
        E-mail: fsmith@seyfarth.com

        Ethan Goemann
        North Carolina Bar No. 50731
        SEYFARTH SHAW LLP
        121 West Trade Street, Suite 2020
        Charlotte, North Carolina 28202
        Telephone: (704) 925-6026
        Facsimile: (704) 946-6083
        E-mail: egoemann@seyfarth.com

        Annette A. Idalski *
        Kaitlin K. Lammers *
        CHAMBERLAIN HRDLICKA WHITE
        WILLIAMS & AUGHTRY
        191 Peachtree Street, N.E., 46th floor
        Atlanta, GA  30303-1747
        Telephone: (404) 658-5386
        Facsimile: (404) 658-5387
        Annette.Idalski@chamberlainlaw.com
        Kaitlin.Lammers@chamberlainlaw.com

        Attorneys for Defendant

        *Pro Hac Vice Motions Pending

Date: August 24, 2020

## <u>CERTIFICATE OF WORD COUNT</u>

I certify that the foregoing Defendant Cox Communications, Inc.'s Memorandum of Law In Support of Its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) complies with the word limitation requirement set forth in Paragraph 3(b)(iv) of the Standing Order Governing Civil Case Management Before The Honorable Frank D. Whitney.

By: */s/ Frederick T. Smith*
Frederick T. Smith

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
Case No. 3:20-cv-00392-FDW-DSC

| | | |
|---|---|---|
| JOHN ROBERTS, JR. on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **CERTIFICATE OF SERVICE** |
| COX COMMUNICATIONS, INC., a Delaware Corporation; QUALITY TECHNOLOGIES, INC., a North Carolina corporation; INFINITE COMMUNICATIONS, INC. a Florida corporation; and DONOVAN MARTIN, Individually; THOMAS MCCOLLUM, a/k/a TOMMY MCCOLLUM, an individual, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

I certify that on August 24, 2020, I filed the foregoing **DEFENDANT COX COMMUNICATIONS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)** with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification to the following counsel of record:

L. Michelle Gessner
GessnerLaw, PLLC
602 East Morehead Street
Charlotte, NC 28202

Richard G. Rumrell
Rumrell Law
P.O. Box 3865
St. Augustine, Florida 32085

G. Kirkland Hardymon
Luke Graham Thomas
Rayburn, Cooper & Durham, P.A.
227 West Trade Street
Suite 1200
Charlotte, NC 28036

_/s/ Frederick T. Smith_ 
       Frederick T. Smith
       Attorney for Defendant Cox
       Communications, Inc.