# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00392-FDW-DSC

| | |
|---|---|
| **JOHN ROBERTS JR.,** <br><br> **Plaintiff,** <br><br> v. <br><br> **COX COMMUNICATIONS, INC.** <br> **DONOVAN MARTIN** <br> **QUALITY TECHNOLOGIES, INC.** <br> **THOMAS MCCOLLUM** <br> **INFINITE COMMUNICATIONS, INC.,** <br><br> **Defendants.** | **ORDER** |

THIS MATTER is before the Court on Defendants Martin and Quality Technology's Motion to Set Aside Entry of Default. (Doc. No. 45). For the reasons stated herein, the Court GRANTS Defendants' Motion.

## I. BACKGROUND

On July 17, 2020, Plaintiff commenced this lawsuit against Defendants for alleged violations of the federal Fair Labor Standards Act. (Doc. No. 1). Defendants Cox Communications, Thomas McCollum, and Infinite Communications moved to dismiss for lack of personal jurisdiction, and the Court granted their respective motions. (Doc. Nos. 17, 18, 38).

In the same Order granting the motions to dismiss, the Court ordered Plaintiff to show cause as to why he had not yet moved for an entry of default against Defendants Martin and Quality, as neither Defendant Martin nor Quality timely answered or otherwise responded to the suit. (Doc. No. 38). In response to the Show Cause Order, Plaintiff moved for entry of default as to Defendants Martin and Quality on December 7, 2020, (Doc. No. 39), and default was entered

1

on December 9, 2020. (Doc. No. 41). Plaintiff filed a Notice of Intent to Move for Default Judgment on December 30, 2020, (Doc. No. 42), but Defendants Martin and Quality filed the instant Motion to Set Aside Entry of Default on January 28, 2021. (Doc. No. 45).

## II. LEGAL STANDARD

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). Under Rule 55(c), a court may set aside a clerk's entry of default upon a showing of "good cause." Fed. R. Civ. P. 55(c). Rule 55(c) must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987) (quoting Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969)).

When deciding whether to set aside an entry of default, the Fourth Circuit has outlined the following factors to consider: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history or dilatory action, and the availability of sanctions less drastic." Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson, 411 F.2d at 130.

## III. ANALYSIS

Before addressing the merits of Defendants' Motion, the Court finds it appropriate to set forth the factual declarations as averred to by Defendant Martin in the affidavit submitted contemporaneously with the instant motion. (Doc. No. 47). Defendant Martin is a South Carolina resident and the CEO of Defendant Quality. Id. at ¶¶ 2-5. Defendant Martin asserts that, from the period beginning February 2020 through November 2020, he was working remotely in Idaho

because Quality Technology offices were closed due to the COVID-19 pandemic. Id. at ¶ 9. Although Plaintiff effectuated service on Defendant Quality by serving process upon the North Carolina Secretary of State, Defendant Martin asserts that Defendant Quality was never served with actual notice of the Complaint. Id. Defendant Martin also explains that, although Plaintiff served him by publication in a South Carolina newspaper, he never received actual notice because he was temporarily living in Idaho for most of 2020. Id. at ¶ 11. Thus, Defendant Martin was not aware of this pending lawsuit against him and Defendant Quality until he received Plaintiff's Notice of Intent to File Motion for Default Judgment shortly after it was mailed on December 30, 2020. Id. at ¶ 12.

Once Defendant Martin was made aware of the pending lawsuit, he promptly contacted counsel for Plaintiff to notify Plaintiff's counsel of his intent to retain counsel and enter an appearance with this Court on behalf of himself and Defendant Quality. Id. Defense counsel was retained, and counsel entered an appearance on January 28, 2021. (Doc. No. 43). The instant motion, which is unopposed by Plaintiff, was filed the same day. (Doc. No. 45).

In the unopposed Motion, Defendants Martin and Quality argue the factors outlined by the Fourth Circuit weigh heavily in their favor. As set forth below, the Court agrees with Defendants Martin and Quality.

### a. Meritorious Defense

In considering whether a defaulting defendant can put forth a meritorious defense, "all that is necessary to establish . . . a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the [c]ourt or the jury to find for the defaulting party." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). This standard is "not high, [and] require[s] merely 'some possibility'" of a favorable result to the defaulting party. Adams v. Object

3

Innovation, No. 3:11cv272-REP-DWD, 2011 WL 7042224, at *9 (E.D. Va. Dec. 5, 2011) (citing Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988)).

Here, Defendants Martin and Quality have a meritorious defense. In their unopposed Motion, they have denied the claims against them, pointing to specific evidence in support of their defenses. (Doc. No. 46). For example, they assert Plaintiff was a subcontractor and has been appropriately compensated for the work completed and have submitted an exhibit purporting to show documentation of such compensation. (Doc. No. 47-2). Without expressing any opinion as to the likelihood of success for Defendants, the Court finds they have submitted evidence indicating they have some possibility of obtaining a favorable result. Accordingly, this factor weighs in favor of granting their motion.

### b. Reasonable Promptness and Personal Responsibility

"Reasonable promptness is evaluated 'in light of the facts and circumstances of each occasion,' with much deference being given to the exercise of discretion by the trial judge." Vick v. Wong, 263 F.R.D. 325, 330 (E.D. Va. 2009) (quoting United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982)). Here, Defendants Martin and Quality acted with reasonable promptness in light of the facts and circumstances. Immediately upon receiving Plaintiff's Notice of Intent to File Default Judgment, Defendant Martin contacted Plaintiff's counsel to discuss the lawsuit. (Doc. No. 46). By the time he contacted Plaintiff's counsel, Defendant Martin had already begun the process of obtaining counsel. Id. Once defense counsel was obtained, the instant motion was filed with this Court within 21 days of Defendant Martin's initial contact with Plaintiff's counsel. Id.

Moreover, Defendants Martin and Quality bear little personal responsibility, if any at all, for the default entered against them. Although Defendant Quality was properly served when Plaintiff served the North Carolina Secretary of State, Defendant Quality never received actual notice of the Complaint. (Doc. No. 46). Defendant Martin was served by publication; however,

4

notice was published in a South Carolina newspaper, and Defendant Martin was in Idaho. He likewise never received actual notice of the Complaint. Id. As soon as Defendants Martin and Quality had actual notice of this lawsuit, they took reasonably prompt steps in response. Accordingly, these factors weigh in favor of granting their motion.

### c. Prejudice to Plaintiff

If evaluating whether the non-moving party will be prejudiced in setting aside an entry of default, courts consider

> whether the delay: (1) made it impossible for the non-defaulting party to present some of its evidence; (2) made it more difficult for the non-defaulting party to proceed with trial; (3) hampered the non-defaulting party's ability to complete discovery; and (4) was used by the defaulting party to collude or commit a fraud.

Vick, 263 F.R.D. at 330. Here, Plaintiff is unlikely to be prejudiced by setting aside the entry of default because none of the above factors are present. This matter is essentially at its starting point because no scheduling order has been issued; Plaintiff will accordingly have the "full time and opportunity to prosecute his case." See Mauney v. Burke-Catawba Dist. Confinement Facility, No. 1:19-cv-00032-FDW, 2020 WL 697823, at *2 (W.D.N.C. Feb. 11, 2020) (finding no prejudice to Plaintiff when no scheduling order had been entered). This factor accordingly weighs in favor of setting aside default.

### d. History of Dilatory Action and Sanctions Less Drastic

Defendants Martin and Quality have no history of dilatory action other than the delay in responding to the instant lawsuit. Additionally, neither party has suggested any alternative sanctions, and the Court is not aware of any that would be presently appropriate. These factors also weigh in favor of setting aside default.

5

Ultimately, the factors considered weigh heavily in favor of setting aside the default entered against Defendants Martin and Quality. The Court accordingly GRANTS the Motion. (Doc. No. 45).

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that Defendants Martin and Quality's Motion to Set Aside Entry of Default (Doc. No. 45) is GRANTED. Defendants Martin and Quality are further ORDERED to answer or otherwise respond to Plaintiff's Complaint within **twenty-one (21) days** from the date on which this Order is entered.

IT IS SO ORDERED.

Signed: February 24, 2021

Frank D. Whitney
United States District Judge