IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:20-cv-392

| | |
|---|---|
| JOHN ROBERTS, JR. on behalf of himself and all others similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>COX COMMUNICATIONS, INC., a Delaware Corporation; QUALITY TECHNOLOGIES, INC., a North Carolina corporation; INFINITE COMMUNICATIONS, INC., a Florida corporation; and DONOVAN MARTIN, individually; THOMAS McCOLLUM, a/k/a TOMMY McCOLLUM, an individual,<br><br>Defendants | MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS QUALITY TECHNOLOGIES, INC.'S AND DONOVAN MARTIN'S MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY ACTION |

COME NOW Defendants Quality Technologies, Inc., a North Carolina corporation ("Quality Technologies") and Donovan Martin ("Martin") (collectively, the "Quality Defendants"), by and through undersigned counsel, and respectfully submit their memorandum of law in support of their motion pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, Local Rule 7.1, and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.,* for an Order to Compel Arbitration and Dismiss or Stay Action.

### STATEMENT OF THE "BOTTOM LINE UP FRONT"

Plaintiff alleges, on behalf of himself and others similarly situated, wage and hour violations under federal and state laws based on his assertion that he was improperly classified by Quality Technologies as an independent contractor. Plaintiff's agreement with Quality

1

Technologies contains an agreement to arbitrate disputes. The United States Supreme Court has definitively upheld the validity of arbitration agreements in contracts, in particular those purported to be employment agreements, for FLSA claims. *Epic Systems Corp. v. Lewis,* 138 S. Ct. 1612, 200 L. Ed. 2d 889, 2018 U.S. LEXIS 3086 (May 21, 2018). This Court has followed the guidance of *Epic Systems* in enforcing an arbitration provision in a franchise dispute in which violations of the Fair Labor Standards Act and the North Carolina Wage and Hour Act were alleged. *Geiger v. H&H Franchising Sys.,* 2018 U.S. Dist. LEXIS 141291 (W.D.N.C. 2018). The subject Contract for Cable Installation Services ("Installation Contract") includes a valid arbitration agreement providing in relevant part that any controversy or claim that cannot be resolved in good faith between the parties thereto shall be decided "by binding arbitration before a single arbitrator in accordance with the commercial arbitration rules of the American Arbitration Association" with venue to be in Duval County, Florida. Accordingly, as Plaintiff contractually agreed to arbitration, Plaintiff's claims should be ordered to arbitration and this matter should be dismissed or stayed.

## PROCEDURAL HISTORY

Quality Technologies is a North Carolina corporation which contracts with technicians to install cable outlets and cable boxes, and to provide wall mounting services to its customers. **[Declaration of Kevin Jackson ("Jackson Declaration"), ¶ 4].**

On July 17, 2020, Plaintiff commenced this lawsuit against the Defendants for alleged violations of the federal Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act ("NCWHA") for what he purports to be misclassification of his status as an independent contractor rather than as an employee. [D. E. 1]. Defendants Cox Communications, Thomas McCollum, and Infinite Communications moved to dismiss for lack of personal jurisdiction, and the Court granted their respective motions [D.E. 17, 18, 38].

On January 28, 2021, the Quality Defendants moved to set aside the entry of default docketed on December 9, 2020 [D.E. 41] and the court granted this motion on February 24, 2021, providing the Quality Defendants with twenty-one (21) days from the date on which the order was entered on February 25, 2021 to answer or otherwise respond to Plaintiff's Complaint. This motion is timely filed.

## STATEMENT OF FACTS

In his Complaint, Plaintiff alleges that he signed a contract forwarded to him via electronic mail by Quality Technologies and that he performed the services described therein from September 16, 2019 through October 11, 2019 **[D.E. 1, ¶¶ 26, 98, 101, 103, 105]**. The Quality Defendants agree that the Contract for Cable Installation Services ("Installation Contract") was forwarded to Plaintiff by Quality Technologies and that it was electronically executed and initialed by Plaintiff and returned to Quality Technologies on September 12, 2019. **[Jackson Declaration, ¶ 6, Exhibit A]**. The Installation Contract contains an arbitration provision in Paragraph 27 which reads as follows:

> 27. Arbitration, Venue, Jurisdiction, Government. The parties agree to attempt in good faith to promptly resolve any controversy or claim arising out of or relating to this Agreement through by negotiations. Any such dispute, controversy or claim that cannot be so resolved shall be decided in Duval County, Florida by binding arbitration before a single arbitrator in accordance with the commercial arbitration rules of the American Arbitration Association. If **Contractor** is subjected to arbitration by one of its Clients due to a claim arising from work performed by **Subcontractor, Subcontractor** agrees that the arbitration between **Contractor** and **Subcontractor** about the same claim (and any other claims **Contractor** or **Subcontractor** may bring against the other) may be (at **Contractor's** option) conducted jointly with the arbitration by **Contractor's** Client at the jurisdiction and venue where such other arbitration is being held and agrees to submit to the jurisdiction of such arbitration panel and/or court. This undertaking to arbitrate shall be enforceable under the prevailing arbitration laws and may be entered in any court having jurisdiction hereof. The arbitrator's decision shall be final and judgment may be entered upon it in accordance with appropriate laws in any court having jurisdiction thereof. The parties agree that the arbitrator is not authorized to award punitive damages or liquidated damages. The existence of any dispute submitted to arbitration and the award of the

3

arbitrator shall be kept in confidence by the parties and the arbitrator, except as required in connection with the enforcement of such award or as otherwise required by applicable Law. [emphasis in original]

## LEGAL ARGUMENT

I. THE CASE SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

### A. A Valid Arbitration Agreement Exists Between Plaintiff and Defendant Quality Technologies.

The Quality Defendants move to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. The Plaintiff has failed to comply with the mandatory arbitration clause contained in the Installation Contract. In passing the Federal Arbitration Act ("FAA"), Congress made clear its approval of arbitration as a more efficient means of dispute resolution. *Hightower v. GMRI, Inc.*, 272 F.3d 239, 241 (4th Cir. 2001). Because FAA provisions are mandatory, "courts must compel arbitration when a valid arbitration agreement exists." *Hightower,* 272 F.3d at 241. "In order to compel arbitration, the court must first find that an arbitration agreement exists between the parties." *Id.* at 242. To do so requires an application of state contract law. *Id.* at 242; *see also Jiuna Wang v. NYZ Mgmt. Servs., LLC,* 2020 U.S. Dist. LEXIS 98349 (W.D.N.C. June 2, 2020); *Kargarian v. Papa John's Pizza,* 2019 U.S. Dist. LEXIS 51730 (W.D.N.C. Mar. 27, 2019).

The Installation Contract does not contain a choice of law provision. In his Complaint, Plaintiff alleges that he is a North Carolina resident and that he electronically executed the Installation Contract upon receiving it via electronic mail from Quality Technologies [**D. E. 1, ¶¶ 7, 26**]. In so doing, the Plaintiff has agreed to arbitration of any "dispute, controversy or claim" "arising out of or relating to" the Installation Contract. [**Jackson Declaration, ¶ 6, 7; Exhibit A**]. North Carolina strongly favors settling disputes by arbitration. "Where there is any doubt concerning the existence of an arbitration agreement, it should be resolved in favor of

4

arbitration." *Wang, supra at 49, quoting Martin v. Vance,* 133 N.C. App. 116, 514 S.E.2d 306, 309 (1999). The threshold is very low for finding an arbitration agreement to be binding. *Id., quoting Bowers v. N. Two Caves Co., Ltd.,* 2017 U.S. Dist. LEXIS 158773 (W.D.N.C. Sept. 27, 2017). In order to be binding, courts have held arbitration agreements containing language "to resolve" in reference to any potential disputes between the parties renders the arbitration agreement binding as the word "'resolves' implies a firm or final decision." *Id.* In addition, arbitration agreements which make reference to the AAA rules are generally upheld as binding "because such rules relate only to binding arbitration." *Id.*

### B. Contractual Provisions Requiring Arbitration of FLSA Claims are Valid and Enforceable.

Agreements for individualized arbitration of FLSA claims have been definitively upheld by the United States Supreme Court. *Epic Systems Corp. v. Lewis,* No. 16-285 (May 21, 2018). In *Epic Systems,* the Supreme Court thoroughly reviewed the Federal Arbitration Act ("FAA") and the National Labor Relations Act and ruled "as a matter of law the answer is clear" that "in the Federal Arbitration Act, Congress has instructed federal courts to enforce arbitration agreements according to their terms – including terms providing for individualized proceedings." Slip. Op. at 1-2. The subject agreement to arbitrate executed by Plaintiff comes within the mandate definitively upheld by the Supreme Court in *Epic Systems* and is valid and enforceable, requiring plaintiffs to be ordered to arbitration.

This Court has followed the guidance of *Epic Systems* in a franchise dispute in which plaintiff caregivers engaged by entities offering in-home, companion care services sought unpaid minimum and overtime wages and statutory penalties for alleged violations of the FLSA and the NCWHA. While the issue in that proceeding was not the validity or scope of the arbitration agreement but rather whether the defendants had waived their right to seek arbitration by waiting

5

Case 3:20-cv-00392-FDW-DSC   Document 50   Filed 03/18/21   Page 5 of 9

several months to file their motion compelling enforcement of the arbitration agreement, the *Geiger* court granted the motion to compel arbitration, citing the *Epic Systems* decision upholding arbitration agreements in FLSA actions and further opining:

> The Federal Arbitration Act ("FAA") establishes a policy favoring arbitration. The FAA provides that arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA requires courts to stay proceedings and compel arbitration in the event of a refusal to comply with a valid agreement to arbitrate. 9 U.S.C. § 3. The Supreme Court has described the FAA as "a liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333, 339, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011) (citation omitted). Furthermore, the Supreme Court has held that "courts must rigorously enforce arbitration agreements according to their terms." *Am. Exp. Co. v. Italian Colors Rest.,* 570 U.S. 228, 133 S. Ct. 2304, 2309, 186 L. Ed. 2d 417 (2013) (internal quotations omitted). This Court must compel arbitration if: "(i) the parties have entered into a valid agreement to arbitration, and (ii) the dispute in question falls within the scope of the arbitration agreement." *Chorley Enters. v. Dickey's Barbecue Rests., Inc.,* 807 F.3d 553, 563 (4th Cir. 2015). In deciding whether the parties have an enforceable agreement to arbitrate, courts apply state law principles governing the formation of contracts. *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995).

*Geiger* at 141293-4; *see also United States v. Bankers Ins. Co.,* 245 F.3d 315, 319 (4th Cir. 2001) (a district court has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview).

This dispute falls within the scope of the arbitration agreement as broad statements in arbitration clauses, such as those involving "arising out of or relating to," encompass an expansive range of disputes. *Wang* at 13; *see also U.S. Sur. Co. v. Hanover R.S. Ltd. P'ship,* 543 F. Supp. 2d 492, 495 (W.D.N.C. 2008) ("According to the Fourth Circuit, [b]oth the Supreme Court and this court have characterized similar formulations [of 'arising out of or relating to'] to be broad arbitration clauses capable of extensive reach."). "[T]he heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration. Thus, we may not deny a party's request to

6

arbitrate an issue unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Long v. Silver,* 248 F.3d 309, 315-16 (4th Cir. 2001). The court must compel arbitration even if the disputed claims are exempted from arbitration or otherwise considered non-arbitrable under state law. *Perry v. Thomas,* 482 U.S. 483, 489, 107 S. Ct. 2520, 96 L. Ed. 2d 426 (1987) (state statute that required litigants to be provided a judicial forum for resolving wage disputes "must give way" to Congressional intent to provide for enforcement of arbitration agreements); *Am. Gen. Life & Accident Ins. Co. v. Wood,* 429 F.3d 83, 90 (4th Cir. 2005) (FAA preempts state law barring arbitration of certain claims).

## II. IN THE ALTERNATIVE, STAY OF THE LAWSUIT IS APPROPRIATE.

In this case, there can be no question that Plaintiff's agreement to arbitrate disputes arising out of or relating to the Installation Contract is valid and enforceable. The Installation Contract is electronically executed and initialed by Plaintiff. The arbitration provision specifically provides that any and all disputes arising out of or relating to the Installation Contract are to be resolved by "binding arbitration before a single arbitrator in accordance with the commercial arbitration rules of the American Arbitration Association." **[Jackson Decl, Exhibit A, ¶ 27]**. This Court has discretion to either dismiss an action where all the issues raised are arbitrable or, in the alternative, to stay the action so that the prevailing party in the arbitration may apply to the court for an order confirming the award. *Geiger* at 141296-7.

## CONCLUSION

For the foregoing reasons, Defendants Quality Technologies, Inc. and Donovan Martin respectfully request that the Court grant their Motion to Compel Arbitration and dismiss this lawsuit with prejudice. In the alternative, the Defendants request a stay of this lawsuit for thirty (30) days from the date of any order ruling on this Motion to allow the Plaintiff to file an

7

Case 3:20-cv-00392-FDW-DSC   Document 50   Filed 03/18/21   Page 7 of 9

arbitration proceeding which is venued in Duval County, Florida. If such an arbitration proceeding is filed, the Defendants request that this Court extend the stay of this case pending the outcome of the arbitration proceeding. If such an arbitration proceeding is not filed within thirty days (30) days of any order ruling on this Motion, the Defendants request that this lawsuit be dismissed with prejudice.

This the 18th day of March, 2021.

/s/ Byron L. Saintsing
Byron L. Saintsing, N.C. Bar No. 16035
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP
4601 Six Forks Road, Suite 400
Raleigh, North Carolina 27609
Telephone: (919) 250-2000
Facsimile: (919) 250-2211
Email: bsaintsing@smithdebnamlaw.com

*Attorneys for Defendants Quality Technologies, Inc. and Donovan Martin*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **Memorandum of Law in Support of Motion to Compel Arbitration and Dismiss or Stay Action** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to counsel of record registered to participate in the court's electronic case filing system, as follows:

L. Michelle Gessner
Gessner Law, PLLC
602 East Morehead Street
G.G. Galloway House
Charlotte, NC 28202
Email: michelle@mgessnerlaw.com

This the 18th day of March, 2021.

/s/ Byron L. Saintsing
Byron L. Saintsing, N.C. Bar No. 16035
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP
4601 Six Forks Road, Suite 400
Raleigh, North Carolina 27609
Telephone: (919) 250-2000
Facsimile: (919) 250-2211
Email: bsaintsing@smithdebnamlaw.com

*Attorneys for Defendants Quality Technologies, Inc. and Donovan Martin*