IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00392-FDW-DSC

| | |
|---|---|
| JOHN ROBERTS JR., on behalf of himself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) ) COX COMMUNICATIONS INC., ) DONOVAN MARTIN, QUALITY TECHNOLOGIES INC., THOMAS MCCOLLUM AND INFINITE COMMUNICATIONS INC., ) Defendants. ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Defendants Quality Technologies Inc. and Donovan Martin's "Motion to Compel Arbitration and Dismiss or Stay Action" (document #49) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is now ripe for the Court's consideration.

Plaintiff was employed as a "subcontractor" by Defendant Quality Technologies Inc.

On July 17, 2020, Plaintiff filed his Complaint alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 et seq.  He seeks unpaid minimum and overtime wages as well as

statutory penalties. Plaintiff seeks to represent all similarly situated individuals through an FLSA collective action.

Plaintiff alleges that Quality Technologies misclassified him as an "independent contractor" instead of an "employee." He signed a "Contract for Cable Installation Services" with Quality Technologies. This Contract contained a valid arbitration clause covering FLSA claims and class action waivers.

On March 18, 2021, Defendants Quality Technologies Inc. and Donovan Martin filed their "Motion to Compel Arbitration and Dismiss or Stay Action."

Plaintiff disputes the validity of the Contract. He claims that he did not sign the Contract electronically and Defendants did not authenticate the document.

Plaintiff argues that the forum selection provision designating Duval County, Florida as the arbitration forum makes the arbitration clause invalid under N.C. Gen Stat. § 22B-2. He also argues that the Contract is procedurally and substantively unconscionable and requests the Court modify and strike certain provisions.

In their Reply Brief, Defendants provide text messages and emails between Plaintiff and Quality Technologies' CEO, Defendant Donovan Martin. These communications show that Plaintiff received and signed the Contract. He returned the Contract to the human resources contact at Quality Technologies. Plaintiff sent Martin his email address and texted him, "I am completing the form U send to me right now…." (document #55 Exhibit A). The human resources contact at Quality Technologies received the signed Contract from Plaintiff within the next twenty minutes. (document #55 Exhibit D).

Defendants assert the FAA's preemption of any state statutes in conflict with the FAA and its policy favoring arbitration. The FAA establishes a policy favoring arbitration.

> [T]he heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration. Thus, we may not deny a party's request to arbitrate an issue unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.

Long v. Silver, 248 F.3d 309, 315-16 (4th Cir. 2001) (quoting Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 867 F.2d 809, 812 (4th Cir. 1989)).

Arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA requires courts to stay proceedings and compel arbitration in the event of a refusal to comply with a valid agreement to arbitrate. 9 U.S.C. § 3. The Supreme Court has described the FAA as "a liberal federal policy favoring arbitration." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (citation omitted). Furthermore, the Supreme Court has held that "courts must rigorously enforce arbitration agreements according to their terms." Am. Exp. Co. v. Italian Colors Rest., 133 S. Ct. 2304, 2309 (2013) (internal quotation omitted). This Court must compel arbitration if: "(i) the parties have entered into a valid agreement to arbitrate, and (ii) the dispute in question falls within the scope of the arbitration agreement." Chorley Enter., Inc. v. Dickey's Barbecue Rest., Inc., 807 F.3d 553, 563 (4th Cir. 2015).

The court must compel arbitration even if the disputed claims are exempted from arbitration or otherwise considered non-arbitrable under state law. Perry v. Thomas, 482 U.S. 483, 489 (1987) (state statute that required litigants to be provided a judicial forum for resolving wage disputes "must give way" to Congress' intent to provide for enforcement of arbitration

agreements); Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 90 (4th Cir. 2005) (FAA preempts state law barring arbitration of certain claims). The Supreme Court has recently upheld class action waivers and arbitration agreements in FLSA actions. Epic Systems Corp. v. Lewis, 584 U.S.___, No. 16-285 (May 21, 2018).

On the other hand, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960). See also AT & T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 648 (1986); Johnson v. Circuit City Stores, Inc., 148 F.3d 373, 377 (4th Cir. 1998); Arrants v. Buck, 130 F.3d 636, 640 (4th Cir. 1997).

In determining whether the parties have an enforceable agreement to arbitrate, courts apply state law principles governing the formation of contracts. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995). An electronic signature is attributable to a person "if it was the act of the person." N.C. Gen Stat. § 66-319(a). The "surrounding circumstances at the time of its creation, execution, or adoption" determines if it is attributable to a person. N.C. Gen. Stat. § 66-319(b). The surrounding circumstances are evidenced by the communications between Plaintiff and Defendant Martin at the time of execution. The electronic signature on the Contract is attributable to Plaintiff.

To prove authenticity, a party must present "evidence sufficient to support a finding that the matter in question is what the proponent claims." Fed.R.Evid. 901(a). The burden to authenticate evidence is not high. United States v. Vidack, 533 F.3d 344, 349 (4th Cir. 2009). Only a prima facie showing is needed to authenticate. Id. Defendants have made a prima facie showing here.

The Court concludes that Defendants are entitled to an order compelling arbitration. Defendants have shown that Plaintiff entered into a valid agreement to arbitrate and waived his right to pursue a class action. Epic Systems Corp., 584 U.S. at ____. Plaintiff has failed to overcome the well established policy favoring arbitration.

The Court has discretion to dismiss an action where all the issues raised are arbitrable. The more common practice is to stay the action or those claims pending the outcome of arbitration in order to provide a convenient forum for confirmation of any ensuing arbitration award. See 9 U.S.C. § 3 ("a stay is mandatory upon a showing that the opposing party has commenced suit upon any issue referable to arbitration...."); 9 U.S.C. § 9 ("any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an is order unless the award vacated").

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Motion to Compel Arbitration" be granted.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising

such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Frank D. Whitney.

**SO ORDERED**.

Signed: May 19, 2021

David S. Cayer
United States Magistrate Judge